Yapo v. Garland

BIA
Sponzo, IJ
A201 123 436

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-three.

PRESENT:
>        JON O. NEWMAN,
>        SUSAN L. CARNEY,
>        JOSEPH F. BIANCO,
>            *Circuit Judges.*

_____

PRIVAT YAPO,
>        *Petitioner,*

>        v.                                            **21-6187**
>                                                      **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
>        *Respondent.*

_____

**FOR PETITIONER:**            Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Privat Yapa, a native and citizen of the Ivory Coast, seeks review of a March 4, 2021 decision of the BIA, affirming a July 26, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Privat Yapo,* No. A 201 123 436 (B.I.A. Mar. 4, 2021), *aff'g* No. A 201 123 436 (Immigr. Ct. N.Y. City July 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review questions of law *de novo* and factual findings for substantial evidence. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary." 8 U.S.C. § 1252(b)(4)(B).

To obtain asylum, an applicant must establish "past persecution" or "a well-founded fear of future persecution" on account of a protected ground. 8 C.F.R. § 1208.13(b);8 U.S.C. § 1158(b)(1)(B)(i). Where, as here, an asylum applicant does not allege past harm, he has the burden to establish an objectively reasonable fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (holding that "a well-founded fear of future persecution . . . requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable"). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

Yapo alleged a fear of persecution because he had done business with both major political parties, because he had been a supporter of the regime of former

3

president Laurent Gbabgo, (who lost the 2010/2011 elections and was later tried for war crimes in the International Criminal Court), and because of his Attie ethnicity and his evangelical Christian beliefs. Because he did not claim past persecution, he had the burden to demonstrate an objectively reasonable fear that he would be "singled out individually for persecution" or that there was a "pattern or practice" of persecution of a group of persons "similarly situated" to him. 8 C.F.R. § 1208.13(b)(2)(iii). The agency reasonably concluded that he did not meet his burden.

Yapo testified that his ex-wife received telephone calls following the 2010 elections, but the calls were anonymous, and the callers inquired about Yapo's whereabouts, but did not make specific threats. He testified that his five living siblings, all of whom are Christian, of Attie ethnicity, and open supporters of the party founded by Gbabgo (Ivorian Popular Front ("FPI")), continue to live unharmed in the Ivory coast, as do his ex-wife and daughter. Unlike his siblings, he did not openly support any political party because, as the owner of a computer company, he needed to solicit business from both FPI supporters and people who supported the opposition. These facts support the agency's conclusion that Yapo did not demonstrate an objectively reasonable fear of persecution based on his

4

political opinion, religion, or ethnicity. *See Ramsameachire*, 357 F.3d at 178 (requiring "reliable, specific, objective supporting evidence" (internal quotation marks and citations omitted)); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that similarly situated family members who remain unharmed cuts against the likelihood of applicant's future harm).

Nor did Yapo's country conditions evidence demonstrate a pattern or practice of persecution of similarly situated individuals. The 2016 elections, unlike those in 2010, were "peaceful and considered inclusive and transparent," according to the 2017 U.S. State Department country report. Certified Administrative Record ("CAR") at 238 (Cote d'Ivoire 2017 Human Rights Report at 1 (2017)). The FPI participated and won seats in the National Assembly. While a couple hundred people may have been arrested as political prisoners between 2011 and 2017, some of those may have been detained for crimes, and the government had pledged to discuss these detainees and other issues with the opposition. Ethnic discrimination remained a problem, but the law prohibited xenophobia, racism, and tribalism; although there were reports of police abuse and harassment of non-Ivorian Africans, Yapo is Ivorian. With respect to the treatment of Christians, the State Department's International Religious Freedom

Report, incorporated by reference into its country report on human rights, observed that the Ivory Coast's constitution "provides for freedom of religious belief and worship" and "prohibits 'propaganda' that encourages religious hatred," and that the government regularly funded pilgrimages to France and Israel for Christians, who make up thirty-four percent of the population. Cote d'Ivoire 2017 Int'l Religious Freedom Report at 1–2 (2017), https://www.state.gov/reports/2017-report-on-international-religious-freedom/cote-divoire__trashed/. In sum, the agency did not err because there is insufficient evidence that Yapo will be singled out or that individuals like him are targeted for persecution. *See Jian Xing Huang*, 421 F.3d at 129.

Because Yapo did not meet his burden of showing the objectively reasonable fear of persecution required for asylum, he "necessarily" failed to meet his burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6